UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEAN M. DUGAN,<br>    Plaintiff<br><br>v.<br><br>VIKING COLLECTION SERVICE,<br>INC., and JOHN DOE,<br>    Defendants | CA11- 415S<br>Civil Docket No.<br><br>**Jury Trial Requested** |

## COMPLAINT

### Introduction

1. The Plaintiff brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney's fees under the FDCPA.

2. The Plaintiff also alleges that the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

4. This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via telephone, in this District.

## Parties

6. Plaintiff, Sean M. Dugan, is an adult resident of the municipality of West Greenwich, County of Kent, State of Rhode Island.

7. The Defendant, Viking Collection Service, Inc. ("VCS"), is a foreign corporation, with its principal place of business in Eden Prairie, Minnesota.

8. The Defendant, John Doe, alias, upon information and belief is an natural person, and an employee or agent of VCS, whose true identity is unknown to the Plaintiff, but known, or knowable, to VCS.

## Facts Common To All Counts

9. At all times relevant to this Complaint, VCS was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

10. At all times relevant to this Complaint, John Doe, was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

11. At all times relevant to this Complaint, VCS was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

12. At all times relevant to this Complaint, John Doe was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

13. Within the past year VCS placed at least one phone call to the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

14. Within the past year John Doe placed phone calls to the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

15. The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

16. When it placed the calls to the Plaintiff, VCS was not registered with the Rhode Island Department of Business Regulations to engage in the business of debt collection in Rhode Island.

17. In the year preceding the filing of this lawsuit, VCS was not registered with the Rhode Island Department of Business Regulations to engage in the business of debt collection in Rhode Island.

18. VCS's failure to be registered means it failed to comply with the registration requirements contained in Rhode Island General Law 19-14.9-12.

### COUNT I – Federal FDCPA – Harassment/Abuse

19. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

20. The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from harassing and/or abusing the Plaintiff.

21. The restrictions are codified at 15 USC 1692(d).

22. The Defendants placed phone calls, and left voice mail messages without meaningfully disclosing their identity in violation of 15 USC 1692(d)(6).

23. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### COUNT II – Federal FDCPA – False/Misleading Representations

24. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

25. The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false and/or misleading representations.

26. The restrictions are codified at 15 USC 1692(e).

27. The Defendants failed to include a "mini-Miranda warning" in the calls placed to the Plaintiff, and the voice mail messages left for the Plaintiff, in violation of 15 USC 1692(e)(11).

28. The Defendants attempted to collect a debt that was subject to the automatic stay in the Plaintiff's bankruptcy, and then the discharge order in his bankruptcy, in violation of 15 USC 1692(e)(2).

29. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### COUNT III – State – Deceptive Trade Practice

30. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

31. John Doe placed a call, or calls, to the Plaintiff while acting within the scope of their employment with VCS and in furtherance of VCS's business interests.

32. VCS did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way John Doe behaved towards the Plaintiff.

33. VCS's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

34. VCS's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

35. VCS's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

36. As a result of VCS's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

### COUNT IV – Federal FDCPA – Unfair Practices

1. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

2. VCS violated the restrictions the FDCPA imposes on it prohibiting it from using unfair or unconscionable means while attempting to collect a debt.

3. The restrictions are codified at 15 USC 1692(f).

4. VCS engaged in the business of debt collection in Rhode Island while not being registered in accordance with Rhode Island law in violation of 15 USC 1692(f);

5. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against Defendant VCS for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

The Plaintiff,
SEAN M. DUGAN
By Counsel,

Citadel Consumer Litigation, P.C.
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

## Jury Demand

The Plaintiff demands a trial by jury on each and every count.

John T. Longo, Esq./#4928